J-A29021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AARON EDWARD JAMES, | |
| Appellant | No. 648 EDA 2017 |

Appeal from the Judgment of Sentence February 7, 2017
in the Court of Common Pleas of Montgomery County
Criminal Division at No.: CP-46-CR-0006116-2015

BEFORE:  LAZARUS, J., PLATT, J.,* and STRASSBURGER, J.*

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 14, 2018**

Appellant, Aaron Edward James, appeals from the judgment of sentence imposed following his bench conviction of access device fraud, theft by deception, theft by unlawful taking, receiving stolen property, and identity theft.[1]  We affirm.

The trial court aptly set forth the factual history of this case as follows:

On February 4, 2015, Richard Gerhard, owner of an appliance and electronics store, took a call from someone identifying himself as Daniel [Katzenberg], regarding the purchase of four television sets.  Mr. Gerhard was given a credit card number with the last four digits of 1579.  Because the zip code associated with the credit card did not match the delivery address, at first the purchase was declined.  He was then given an

---

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 4106(a)(1)(ii), 3922(a)(1), 3921(a), 3925(a), and 4120(a), respectively.

additional address in Elkins Park. This time the zip code matched the credit card and the purchase did go through. This made Mr. Gerhard suspicious, and he contacted Mr. Katzenberg, who[m] he knew from previous sales. After their conversation, Mr. Gerhard contacted the Abington Police Department to report that someone was using Mr. Katzenberg's identity and credit card, and subsequently made a report. The police decided that a controlled delivery of the television sets should be made.

Delivery was scheduled for February 6, 2015, to be made to the address on Lindley Avenue in Philadelphia. During the delivery process, someone who identified himself as Mr. Katzenberg called several times from phone numbers 267-264-1169 and 215-681-6894.

Next to testify at trial was Daniel Katzenberg of Elkins Park. He told this [c]ourt that he had received a call from Mr. Gerhard asking if he had placed an order [for] four very large screen television sets. Mr. Katzenberg stated that he had not, and that someone must have gotten his credit card number to make purchases. Mr. Katzenberg denied ever giving anyone authorization to make the purchase.

Detective Sergeant Gregory P. Urban, a veteran officer of the Abington Police Department testified that in February of 2015 he received a phone call from Gerhard's Appliance Store reporting a suspicious credit card purchase for four television sets, valued at $3,400. The officer suggested continuing on with the delivery to see who was going to pick up the television sets. In furtherance thereof, he called Lieutenant [Jonathan] Josey of the Philadelphia Police Department, Major Crimes Division because the televisions were to be delivered to 1608 Lindley Avenue in Philadelphia.

Sergeant Urban stated that on February 6, 2015, the day of delivery, a surveillance team was sent to the Lindley Avenue house prior to the delivery, and set up around the building. Subsequently, Sergeant Urban, who drove the delivery truck, drove into the area, while Lieutenant Josey, who was in the passenger seat, called phone number 215-681-6894. The purpose of his calls was to make sure the person was at the home. When the two officers arrived at the Lindley address, they parked in front of the home. Lieutenant Josey got out of the delivery truck with a clipboard with all of the paperwork while Sergeant

Urban stood at the back of the truck while [Appellant] came out of the house and met Lieutenant Josey by the truck.

Lieutenant Josey asked [Appellant] to verify the information on the purchase order, which he did. [Appellant] told the lieutenant that Mr. Katzenberg was his stepfather and he was married to his daughter. At that point, the officers decided to unload the television sets. They took one television set out of the truck and placed it inside the living room. The arrest team came through the front door and took [Appellant] into custody. While [Appellant] was on the ground, he had some cell phones with him. Lieutenant Josey called the 6894 number, the number from which the officers had been speaking to the alleged Mr. Katzenberg who ordered the television[] sets.

Last to testify for the Commonwealth was Lieutenant Jonathan Josey [a] veteran officer of the Philadelphia Police Department. He explained that he had called the phone number 215-681-6894, which was on the purchase order, to make contact with the individual who was identifying himself as Mr. Katzenberg. In the initial call, Lieutenant Josey identified himself as Kevin from Gerhard's Appliances and he spoke to the individual who identified himself as Mr. Katzenberg. The individual who identified himself as Mr. Katzenberg stated that it was okay to deliver the package but that he was in New York so he would not be there to personally receive it. In a second call, the alleged Mr. Katzenberg told Lieutenant Josey that he could make the delivery and that his son, [Appellant], would be there to receive it. The alleged Mr. Katzenberg gave the lieutenant [Appellant's] phone number. Lieutenant Josey called this number to let [Appellant] know that they were right around the corner en route to deliver the televisions. Upon arrival at the Lindley address, [Appellant] approached the truck and identified himself as [Appellant], and that he was Mr. Katzenberg's son-in-law. [Appellant] signed the purchase order, and the officers unloaded one of the television sets and brought it into the home. After [Appellant] was taken into custody, Lieutenant Josey called the phone number, 215-681-6894 that was allegedly Mr. Katzenberg's number, who was allegedly in New York. The phone rang right next to [Appellant]. Subsequent to the arrest, [Appellant] denied knowing Mr. Katzenberg.

[Appellant] took the stand in his own defense. He claimed that on February 6, 2015, he received a call on the home phone,

- 3 -

267-776-5785, from a deliveryman saying that there was a delivery for Javon Cannon, [his brother's] stepson.[2]  He testified that when the deliveryman came to the home, he went to the door and that the deliveryman asked him to sign a blank piece of paper. According to [Appellant], the next thing he knew he was bombarded by police officers who came into his home and held a gun to his head.  [Appellant] denied owning the phone number ending in 6894.  He also denied ordering the televisions sets.

On cross-examination, the prosecutor confronted [Appellant] with a statement he gave to police.  However, [Appellant] denied that he had given a statement to police.  He maintained that when the police asked him questions, he refused to answer.  When the prosecutor showed [Appellant] the statement, which was initialed and signed, [Appellant] again denied that he ever initialed or signed the statement.  He maintained that the only thing he signed was a blank piece of paper.  [Appellant] further denied the contents of the statement in which he implicated an alleged Gerald Frazier, an alleged tenant that lived in the back room of his house.  [Appellant] moreover denied that he ever told the officers that he was Mr. Katzenberg's son-in-law.  He maintained that the officers were lying.

On rebuttal, the Commonwealth called Lieutenant Josey back to the stand to testify about the statement he took from [Appellant].  The lieutenant stated that after he read [Appellant] his **Miranda**[3] warnings, he took a voluntary statement from [Appellant], which he initialed and signed.  In that statement, [Appellant] denied knowing Mr. Katzenberg and tried to pin the blame on an alleged Gerald.

(Trial Court Opinion, 4/19/17, at 1-5) (record citations omitted).

At the conclusion of trial, the court found Appellant guilty of the above-listed offenses.  On February 7, 2017, it sentenced him to an aggregate term

_____

[2] Appellant resided with his brother and his brother's family, including Cannon. (**See** N.T. Trial, 11/09/16, at 30-31).

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

of not less than eighteen months nor more than seven years' imprisonment. This timely appeal followed.[4]

Appellant raises the following issues for our review, all of which challenge the sufficiency of the evidence:

I. Whether there is insufficient evidence to support the conviction of access device fraud because no witness or other evidence established that Appellant placed the initial call to Gerhardt's Appliance Store, and there was only one television set, of an unknown value, delivered to 1608 Lindley Avenue, Philadelphia?

II. Whether there is insufficient evidence to support the conviction for theft by deception-false impression because the Commonwealth failed to demonstrate that Appellant created or reinforced a false impression, and that Gerhard's Appliance Store relied upon that information?

III. Whether there is insufficient evidence to support the conviction for theft by unlawful taking of movable property because Appellant did not unlawfully take, or exercise control over the television sets from Gerhard's Appliance Store but was merely present to accept the delivery of one television arranged by Detective Sergeant Urban and Lieutenant Josey?

IV. Whether there is insufficient evidence to support the conviction for receiving stolen property in that it fails to show that Appellant intentionally received, retained, or disposed of four (4) television sets from Gerhard's Appliance Store knowing that they were stolen, as he testified at trial that he accepted the delivery at the request of Javon Cannon?

V. Whether there is insufficient evidence to support the conviction for identity theft because it fails to show that Appellant possessed, or used identifying information of Daniel Katzenberg to further an unlawful purpose, and there is no evidence that Appellant stole or otherwise obtained his credit card information?

---

[4] Appellant filed a timely, court-ordered concise statement of errors complained of on appeal on March 22, 2017. The trial court filed an opinion on April 19, 2017. *See* Pa.R.A.P. 1925.

(Appellant's Brief, at 4-5) (unnecessary capitalization omitted).

We will address Appellant's issues together because they are interrelated. In support of his claims, Appellant chiefly argues that the Commonwealth failed to prove that he was the initial caller to Gerhard's Appliance Store on February 4, 2015, who gave Daniel Katzenberg's credit card information to Richard Gerhard. (**See id.** at 14-16, 21). According to Appellant, the evidence instead demonstrates that he was merely present when the television sets were delivered to his house; that he never took physical possession of or exercised control over the television sets; and that he did not know or believe that the television sets were stolen. (**See id.** at 15-20). Appellant's claims do not merit relief.

We begin by noting our standard of review:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Storey***, 167 A.3d 750, 757 (Pa. Super. 2017) (citations omitted).

Instantly, Appellant was convicted under sections 4106(a)(1)(ii), 3922(a)(1), 3921(a), 3925(a), and 4120(a) of the Crimes Code. A person commits access device fraud if he "uses an access device to obtain or in an attempt to obtain property or services with knowledge that . . . the access device was issued to another person who has not authorized its use[.]" 18 Pa.C.S.A. § 4106(a)(1)(ii). A person is guilty of theft by deception "if he intentionally obtains or withholds property of another by deception . . . [by] intentionally . . . creat[ing] or reinforce[ing] a false impression[.]" 18 Pa.C.S.A. § 3922(a)(1).

An individual commits theft by unlawful taking or disposition "if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). Receiving stolen property is established by proving that the accused "intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen[.]" 18 Pa.C.S.A. § 3925(a). Finally, a person is guilty of identity theft "if he possesses or uses, through any means, identifying information of another person without the consent of that other person to further any unlawful purpose." 18 Pa.C.S.A. § 4120(a).

Here, when viewing the evidence in the light most favorable to the Commonwealth as verdict winner, ***see Storey***, ***supra*** at 757, we agree with

the trial court that the evidence was sufficient to support Appellant's convictions. After hearing the evidence and observing all of the witnesses, the trial court found:

> In this case, this [c]ourt, as the finder of fact, determined that based upon the credible testimony of Mr. Gerhard, Mr. Katzenberg, Sergeant Urban and Lieutenant Josey, [Appellant] used Mr. Katzenberg's credit card number without his permission to purchase four television sets from Gerhard's Appliance store, valued at $3,340.11. Circumstantially the Commonwealth proved beyond a reasonable doubt that it was [Appellant] that placed the order with Gerhard Appliances. [Appellant] was linked to the February 4, 2015, phone call to Gerhard's Appliances. The phone number the caller gave as his contact number for the purchase order was the same number as one of the phones that were found on [Appellant] at the time of his arrest. In addition, the evidence and the reasonable inferences therefrom, the Commonwealth showed that [Appellant] was the individual pretending to be Mr. Katzenberg. When Lieutenant Josey called [Appellant] on the same phone number during the controlled delivery he allegedly spoke to Mr. Katzenberg who was in New York. Again this is the same phone that was found on [Appellant] at the time he was taken into custody. . . .
>
> *    *    *
>
> . . . [H]is assertion that he was merely present to accept the delivery at the request of Javon Cannon is simply a reiteration of [Appellant's] trial testimony which this [c]ourt did not find to be worthy of belief. Rather, through the credible testimony of the Commonwealth witnesses, the Commonwealth was able to prove that it was [Appellant] who called Gerhard appliance store pretending to be Mr. Katzenberg in order to purchase four television sets with the use of Mr. Katzenberg's credit card number and accepted delivery of one of these television sets during the controlled delivery.

(Trial Ct. Op., at 8, 11).

The court, as fact-finder, was "free to believe all, part or none of the evidence" presented, and it clearly found the testimony of the

- 8 -

Commonwealth's witnesses credible, and Appellant's version of events incredible. **_Storey_**, **_supra_** at 757 (citations omitted). Upon review of the record, we discern no basis on which to disturb its credibility determinations, or its conclusion that Appellant's sufficiency claims lack merit. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/14/18